THOMPSON, Circuit Judge, concurring.
I agree (obviously) with everything the court has said but write separately (and briefly) only to make one additional point.
The law books are full of our opinions saying that when a defendant raises a substantive-reasonableness challenge for the first time here, "it is arguable whether our review is for abuse of discretion or for plain error"-though we assume favorably to the defendant that the abuse-of-discretion standard holds sway. See, e.g., United States v. Demers, 842 F.3d 8, 14 (1st Cir. 2016). Now, when it comes to alleged trial errors, a defendant "who deems himself aggrieved ... ordinarily must object then and there, or forfeit any right to complain at a later time"-the reason being that "calling a looming error to the trial court's attention affords an opportunity to correct the problem before irreparable harm occurs," and if the defendant holds his tongue below, he must run the gauntlet of plain-error review. United States v. Taylor, 54 F.3d 967, 972 (1st Cir. 1995). But since we are dealing here with a supposed sentencing error, I wonder whether and how Tanco-Pizarro could have preserved a substantive-reasonableness argument. I say this because a sentence is generally deemed imposed when the judge announces it in open court. See Fed. R. Crim. P. 35(c). So-as of now-it seems to me that once the court imposed sentence, Tanco-Pizarro could only request a modification through a Rule-35 motion (see footnote 1 of the lead opinion), even if he had voiced an objection at that point in the hearing.
Neither party presses this issue, however. Consequently there is no need to explore the matter today.